117 Cal.Rptr.2d 916 (2002)
96 Cal.App.4th Supp. 45
Mary Claire VILLAFUERTE as Executor, etc., Plaintiff and Appellant,
v.
INTER-CON SECURITY SYSTEMS, INC., Defendant and Respondent.
No. BV 23235.
Appellate Division, Superior Court, Los Angeles County.
January 9, 2002.
*917 Thomas S. Kerrigan, Los Angeles, Division of Labor Standards Enforcement, for plaintiff and appellant.
Avigal Horrow, for defendant and respondent.

MEMORANDUM JUDGMENT
LEE, J.
This cause having been submitted for decision, and fully considered, judgment is ordered as follows:
The judgment is reversed. The matter is remanded to the trial court with instructions to enter judgment for appellant in the principal amount of $680, costs in an amount to be determined, and interest at the legal rate from March 1, 1999. Appellant to be awarded costs on appeal.
Appellant Mary Claire Villafuerte (hereafter appellant), wife and successor in interest to the original plaintiff, Felix C. Villafuerte (hereafter Villafuerte), is represented by counsel provided by the Division of Labor Standards Enforcement, Department of Industrial Relations, State of California. As reflected in the record on appeal, Villafuerte worked for respondent Inter Con Security Systems, Inc. (hereafter respondent). On July 27, 1999, he filed a complaint with the Department of Labor, claiming that he worked 80 hours for which he was never paid. The complaint was heard on January 11, 2000, and the hearing officer found for Villafuerte. Respondent filed a request for trial de novo in the superior court. After the Labor Commission hearing but before the trial de novo, Villafuerte passed away, and appellant was substituted as plaintiff.
Trial was held on August 1, 2000. It was stipulated by the parties that Villafuerte had in fact worked the 80 hours in question, and that he was entitled to wages in the amount of $680 for this labor. Respondent *918 argued, however, that it had issued a check made out to Villafuerte for this amount, but a third party had apparently intercepted the check and wrongfully negotiated it. According to respondent, Villafuerte was "paid" under these circumstances, even if he never received any benefit from the check, and appellant's proper recourse was against the bank that improperly negotiated the check.
The resolution of the issues in this case requires a thorough discussion of the evidence presented at trial. After counsel stipulated that Villafuerte worked the hours he claimed and his hourly wage was $8.50, appellant called her first witness, Rosa Frazier. She testified that she was a deputy labor commissioner with the State of California, and part of her duties involved investigations of complaints for unpaid wages. Frazier identified a complaint, marked and received into evidence as plaintiffs exhibit 1, which was dated November 16, 1999, and executed by Villafuerte under penalty of perjury. Villafuerte stated therein that he was employed by respondent as a "Gallery Attendant/Security" from February 1997 "to Present," and that he had not been paid wages due and owing in the amount of $680, reflecting 80 hours at an hourly rate of $8.50.
Frazier stated that she held an informal hearing between respondent's attorney and Villafuerte in an effort to resolve the matter. Respondent presented a check at the hearing, marked and received into evidence at trial as plaintiffs exhibit 2, that appeared to be from "INTER-CON SECURITY SYSTEMS, INC. PAYROLL CHECKING" made out to "FELIX VILLAFUERTE" in the amount of $600.78. The front of the check stated that it was for "Pay Date: 02/26/1999." The back of the check indicated that it had been endorsed and negotiated at Union Bank. The endorsed signature misspelled Villafuerte's first and last names.
Frazier identified two additional documents. The first was a form entitled "Claimant's Waiver to Certified Mail," signed by Villafuerte and marked and received as plaintiffs exhibit 3, which provided that he waived notice by certified mail of the formal Labor Commission hearing. The second was a page with three separate signatures by Villafuerte, marked and received as plaintiffs exhibit 4. Frazier testified that she was present and personally witnessed Villafuerte write each of the three signatures.
Appellant's next witness was Consuelo Villafuerte, Villafuerte's sister. She testified that she was familiar with her brother's handwriting, and the signatures written on exhibit 4 were those of her brother, as were the signatures on exhibits 1 and 3. As for the signature on the back of exhibit 2, the check, however, she stated that it was not her brother's handwriting. She noted that the signature on the back of exhibit 2 was a misspelling of her brother's name.
On cross-examination, she stated that she was sure her brother did not sign the check. When asked how she could be so certain he did not sign the check, she responded: "He is my brother and I know he is telling the truth when he told us before that he didn't receive his check, because he was actually sick when he washe was out sick. When he went back to the office he can't find his check. It's only $700, and he won't, really, because this case it's only $700. I know he didn't receive that check. He never lies to us."
Appellant did not call any other witnesses. Appellant asked the court to find, *919 under Evidence Code section 1417,[1] that the signature on the check was not the signature of Villafuerte. The court granted this request. Respondent did not put on a defense case. After hearing argument, the court took the matter under submission. The court later issued a judgment in favor of respondent. The judgment did not set forth any reasons or explanations for the court's determination.
Appellant makes the following contentions on appeal: (1) there is no evidence to show Villafuerte ever received or negotiated the paycheck, or that it was ever mailed to him; (2) Villafuerte was never paid his wages, because under a standard contract analysis, the promise to pay money can only be discharged by the actual tender of the money owed, which did not take place; and (3) under the Labor Code, respondent effectively withheld Villafuerte's wages by not tendering a replacement check, thus illegally "offsetting" wages owed an employee. Respondent counters by alleging that it "paid" Villafuerte for all legal purposes, because: (1) when Villafuerte worked for respondent, he had several different addresses on file; (2) the custom and practice of respondent in February 1999 was to mail employees' paychecks to the most current address identified in their personnel files; (3) in February 1999, Villafuerte's listed address was 2010 Lynda Lane, West Covina, California 91792; (4) the check was mailed by respondent to the "correct address"; and (5) respondent met all legal requirements by mailing the check to Villafuerte's home address, even if it was intercepted and negotiated by some third party.
We first address appellant's contention that there is no evidence to support the trial court's implied finding that the check was mailed to and/or received by Villafuerte. In reviewing a sufficiency of the evidence challenge, "[w]e must consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the judgment. [Citations.] We must accept as true all evidence and all reasonable inferences from that evidence tending to establish the correctness of the trial court's findings and decision, resolving every conflict in favor of the judgment. It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trial court. Our authority begins and ends with a determination of whether, on the entire record, there is any `substantial' evidence, contradicted or uncontradicted, which will support the judgment. [Citations.]" (Grappo v. Coventry Financial Corp. (1991) 235 Cal.App.3d 496, 506-507, 286 Cal.Rptr. 714.)
However, "substantial evidence" is not synonymous with "any" evidence. (People v. Bassett (1968) 69 Cal.2d 122, 138, 139, 70 Cal.Rptr. 193, 443 P.2d 777.) The substantial evidence rule "does not mean we must blindly seize any evidence in support of the respondent in order to affirm the judgment. The Court of Appeal `was not created ... merely to echo the determinations of the trial court. A decision supported by a mere scintilla of evidence need not be affirmed on review.' [Citation.]" (Kuhn v. Department of General Services (1994) 22 Cal.App.4th 1627, 1633, 29 Cal.Rptr.2d 191.) "`"[Substantial" ... clearly implies that such evidence *920 must be of ponderable legal significance .... It must be reasonable ..., credible, and of solid value .....'" (Ibid.; Howard v. Owens Corning (1999) 72 Cal. App.4th 621, 631, 85 Cal.Rptr.2d 386.)
In this case, there is no evidence to support, either directly or circumstantially, that Villafuerte ever received the check or that it was ever mailed to him. The "facts" relied upon by respondent in its appellate brief are not in the record on appeal. There is no evidence that appellant had several addresses on file with respondent, that respondent's practice was to mail paychecks to its employees during the relevant time period, that Villafuerte lived at a particular address in February 1999, or that the check was mailed to him at that or any other location. Respondent did not put on any witnesses or introduce any evidence at trial. The only trial evidence came from appellant, to the effect that Villafuerte neither received nor negotiated the check.
Normally, an obligation to pay money requires that the payor tender or deliver payment to the payee. (Pacific Freight Lines v. Pioneer Express Co. (1940) 39 Cal.App.2d 609, 614-615, 103 P.2d 1056.) In this case, there was no evidence before the court that the check was ever delivered to Villafuerte. In fact, the only evidence was to the contrary, since decedent's sister testified he never received the check and the court found that the signature on the back of the check was not Villafuerte's. Although respondent contends the check was mailed to Villafuerte's most current address, it never proved this assertion. Even if respondent had proven this mailing, where a check is sent by mail without the assent of the intended recipient and is not received by him, it remains the property of the sender. (Garthwaite v. Bank of Tulare (1901) 134 Cal. 237, 241, 66 P. 326; People v. Larue (1938) 28 Cal.App.2d 748, 753, 83 P.2d 725.)
Since the paycheck was never tendered or delivered to Villafuerte, he was never "paid" by his employer. Furthermore, Labor Code section 208[2] provides in relevant part that an employee who quits shall be paid at the office of the employer. There was no evidence presented at the trial that respondent tendered or delivered the paycheck to Villafuerte at respondent's place of business. Labor Code section 202[3] does provide that an employee who quits his or her employment may request that his or her final paycheck be mailed, but this option must be expressly exercised by the employee. To the extent this section might be applicable, there is nonetheless no evidence that Villafuerte ever made such a request.
*921 Since we have determined the judgment must be reversed on the foregoing grounds, we do not discuss appellant's final contention regarding an alleged illegal offset of an employee's wages.
The judgment is reversed. The matter is remanded to the trial court with instructions to enter judgment for appellant in the principal amount of $680, costs in an amount to be determined, and interest at the legal rate from March 1, 1999. Appellant to be awarded costs on appeal.
We concur: KRIEGLER, Acting P.J., and McKAY, J.
NOTES
[1] Evidence Code section 1417 provides that "[t]he genuineness of handwriting, or the lack thereof, may be proved by a comparison made by the trier of fact with handwriting (a) which the court finds was admitted or treated as genuine by the party against whom the evidence is offered or (b) otherwise proved to be genuine to the satisfaction of the court."
[2] Labor Code section 208 provides that "[e]very employee who is discharged shall be paid at the place of discharge, and every employee who quits shall be paid at the office or agency of the employer in the county where the employee has been performing labor. All payments shall be made in the manner provided by law."
[3] Labor Code section 202 provides that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72 hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."